UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| JAMES ROBERTS,<br><br>                    Plaintiff,<br><br>v.<br><br>DIRECTOR BECKY SCOTT, *et al.*,<br><br>                    Defendants. | Civ. Action No. 24-5846 (JXN)(JBC)<br><br>**OPINION** |

**NEALS**, District Judge

      Before the Court is *pro se* Plaintiff James Roberts' ("Plaintiff") civil rights Complaint ("Complaint), filed pursuant to 42 U.S.C. § 1983 (ECF No. 1) and his application to proceed *in forma pauperis* (ECF No. 1-1). The Court grants him leave to proceed *in forma pauperis* and orders the Clerk of the Court to file the Complaint.

      The Court must now review the Complaint pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A to determine whether it should be dismissed as frivolous or malicious, for failure to state a claim upon which relief may be granted, or because it seeks monetary relief from a defendant who is immune from such relief. For the reasons stated herein, Plaintiff's claims are dismissed for failure to state a claim on which relief may be granted.

I.  **BACKGROUND**[1]

On or about May 3, 2024, Plaintiff, a pre-trial detainee confined in Hudson County Correctional Center ("HCCC") in Kearny, New Jersey, filed his Complaint in this matter seeking to raise claims against HCCC Director Becky Scott ("Scott") and Wellpath.[2] (ECF No. 1.) The Court construes the Complaint as raising failure to provide adequate medical care claims. Plaintiff's claims arise from a reduction in his medication.

According to the Complaint, on March 14, 2024, prison staff administered Plaintiff his Suboxone medication and Plaintiff placed it into plastic so that he could take it after lunch. (*Id.* at 5.) A Wellpath nurse saw Plaintiff remove the plastic wrapped Suboxone from his mouth and informed an "HC-SOG (Special Operations Officer)." (*Id.* at 5-6.) The officer instructed Plaintiff to return the medication and to return to his housing unit. (*Id.* at 6.) Plaintiff was called down to medical to discuss the incident and he informed the nurse why he removed the medication from his mouth. (*Id.*) At that time the nurse informed Plaintiff that "administration want[ed] [them] to do something about this" and the nurse lowered Plaintiff's Suboxone dose from 8 "mil" to 4 "mil." (*Id.*) The nurse informed Plaintiff that his dose would be returned to 8 "mil" if he did not get into trouble for two weeks. (*Id.*) Plaintiff experienced "drug dreams," night sweats, loss of appetite, anxiety, and depressive thoughts. (*Id.*) On March 8 and March 20, 2024, Plaintiff was given "8 mil while on 4 mil." (*Id.*) On March 24, 2024, Plaintiff was "caught again." (*Id.*)

---

[1] The Court construes the factual allegations of the Complaint as true for the purposes of this screening only.
[2] In the caption of the Complaint, Plaintiff names Hudson County Department of Corrections ("DOC") as a defendant. However, Plaintiff fails to raise any allegations against the DOC within the body of the Complaint. Therefore, the Court does not construe the Complaint as raising a claim against the DOC. The Court notes that if Plaintiff is attempting to raise a claim against the DOC, that claim would be dismissed because a jail is not a "person" within the meaning of § 1983. *See Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989); *Crawford v. McMillian*, 660 F. App'x 113, 116 (3d Cir. 2016) ("[T]he prison is not an entity subject to suit under 42 U.S.C. § 1983").

On April 3, 2024, Plaintiff wrote a "letter/grievance" to the "head Suboxone nurse" and he was subsequently called to medical and told that he would not be moved back to 8 "mil." (*Id.*) On April 14, 2024, during medication administration, Plaintiff was in line with four individuals. (*Id.* at 7.) After the first individual received their Suboxone, the "HC-SOG (Special Operations Officer)" told the individuals that the Suboxone is "not to be swallowed." (*Id.*) Plaintiff questioned the officer and the officer "decided . . . to check [their] mouths for what he called a 'security issue.'" (*Id.*) Plaintiff denied his request. (*Id.*) Plaintiff submits that based on protocol an officer may perform a "security check" before medication is administered, but the officer's request was made after the nurse had begun to administer the medication. (*Id.*) Based on his refusal, Plaintiff was denied his Suboxone on that day. (*Id.*)

Plaintiff seeks monetary compensation, staff training, and a return to his original dosage of medication.

## II.    STANDARD OF REVIEW

District courts must review complaints in civil actions in which a plaintiff is proceeding *in forma pauperis*, *see* 28 U.S.C. § 1915(e)(2)(B), or seeks redress against a governmental employee or entity. *See* 28 U.S.C. § 1915A(a). District courts may *sua sponte* dismiss any claim that is frivolous, is malicious, fails to state a claim upon which the court may grant relief or seeks monetary relief from a defendant who is immune from such relief. *See* §§ 1915(e)(2)(B), 1915A(b).

The legal standard for dismissing a complaint for failure to state a claim pursuant to Sections 1915(e)(2)(B) or 1915A is the same as that for dismissing a complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). *Schreane v. Seana*, 506 F. App'x 120, 122 (3d Cir. 2012); *Courteau v. United States*, 287 F. App'x 159, 162 (3d Cir. 2008). A court properly grants a motion

to dismiss pursuant to Rule 12(b)(6) if, "accepting all well pleaded allegations in the complaint as true, and viewing them in the light most favorable to plaintiff, plaintiff is not entitled to relief." *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1420 (3d Cir. 1997) (quotations and citations omitted).

To survive *sua sponte* screening for failure to state a claim, the complaint must allege "sufficient factual matter" to show that the claim is facially plausible. *Fowler v. UPMS Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009) (citation omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Belmont v. MB Inv. Partners, Inc.*, 708 F.3d 470, 483 n.17 (3d Cir. 2012) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Moreover, while pro se pleadings are liberally construed, "pro se litigants still must allege sufficient facts in their complaints to support a claim." *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013) (citation omitted).

## III.    DISCUSSION

In the Complaint, Plaintiff alleges Defendants are liable to him under 42 U.S.C. § 1983 because Defendants failed to provide adequate medical care. (*See generally* ECF No. 1.) A plaintiff may have a cause of action under 42 U.S.C. § 1983 for violations of his constitutional rights. Section 1983 provides in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory . . . subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

Thus, to obtain relief under § 1983, a plaintiff must establish: (1) that one of his rights secured by the Constitution or laws of the United States was violated; and (2) that this violation was caused

or committed by a person acting under color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988); *Graham v. Connor*, 490 U.S. 386, 393-94 (1989); *Nicini v. Morra*, 212 F.3d 798, 806 (3d Cir. 2000). In a § 1983 action, the personal involvement of each defendant in the alleged constitutional violation is a required element, and, therefore, a plaintiff must allege how each defendant was involved in the events and occurrences giving rise to the claims. *See Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1998).

Here, the Court construes Plaintiff's Complaint to allege claims for relief against Defendants Scott and Wellpath.

### A. Failure to State a Supervisory Liability Claim

#### 1. *Defendant Scott*

As an initial matter, Plaintiff's Complaint fails to allege any specific facts against Defendant Scott. (*See generally* ECF No. 1.) The Court construes the Complaint as asserting supervisory liability claims against Defendant Scott.

A plaintiff may establish supervisory liability under § 1983 by showing: (1) liability based on an establishment of policies, practices, or customs that directly caused the constitutional violation; or (2) personal liability based on the supervisor participating in the violation of the plaintiff's rights, directing others to violate the plaintiff's rights, or having knowledge of and acquiescing to a subordinate's conduct. *Doe v. New Jersey Dep't of Corr.*, No. 14-5284, 2015 WL 3448233, at *9 (D.N.J. May 29, 2015). "Allegations of participation or actual knowledge and acquiescence . . . must be made with appropriate particularity." *Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1987). "Only those defendants whose inactions or actions personally caused [Plaintiff's] injury may be held liable under § 1983." *Shaw by Strain v. Strackhouse*, 920 F.2d 1135, 1147 (3d Cir. 1990). In other words, "[a] defendant in a civil rights action must have personal

5

involvement in the alleged wrongs; liability cannot be predicated solely on the operation of *respondeat superior.*" *Rode*, 845 F.2d at 1207.

"[T]o hold a supervisor liable . . . [for their deficient policy or practice] . . . the plaintiff must identify a specific policy or practice that the supervisor failed to employ and show that: (1) the existing policy or practice created an unreasonable risk of [a constitutional] injury; (2) the supervisor was aware that the unreasonable risk was created; (3) the supervisor was indifferent to that risk; and (4) the injury resulted from the policy or practice." *Beers-Capitol v. Whetzel*, 256 F.3d 120, 133–34 (3d Cir. 2001) (citing *Sample v. Diecks*, 885 F.2d 1099, 1118 (3d Cir. 1989)).

In the Complaint, Plaintiff fails to raise any factual allegations against Defendant Scott. Plaintiff does not identify a specific policy or policies that Defendant Scott failed to employ. Plaintiff does not address what policies were in place regarding the administration and dosage of medications. Plaintiff has failed to plead with any specificity that a policy or custom put into place by Defendant Scott was the moving force behind the alleged violation of his right to medical care. Additionally, Plaintiff also fails to plead sufficient factual matter for the Court to infer that Defendant Scott participated in any decisions regarding his medical care, told others to deny Plaintiff medical care, or even knew of the status of Plaintiff's medical care. Rather, Plaintiff makes a conclusory allegation that the nurse informed Plaintiff that "administration want[ed] [them] to do something about" Plaintiff removing plastic wrapped Suboxone from his mouth during medication distribution. (ECF No. 1 at 6.) However, that vague claim does not indicate who in administration made this request, nor does it allege that Defendant Scott had any knowledge of Plaintiff's medication situation. Thus, Plaintiff has failed to state a viable cause of action under Section 1983 for supervisory liability. Accordingly, Plaintiff's claim against Defendant Scott is dismissed without prejudice.

### 2. Wellpath

Plaintiff seeks to hold Defendant Wellpath liable for the reduction in his Suboxone medication. (*See generally* ECF No. 1.)

A private corporation such as Wellpath may be liable under § 1983 in certain circumstances. A private health company providing services to inmates "cannot be held responsible for the acts of its employees under a theory of respondeat superior or vicarious liability." *Natale v. Camden Cnty Corr. Facility*, 318 F.3d 575, 583 (3d Cir. 2003). Rather, to hold a private health care company like Wellpath liable for a constitutional violation under § 1983, Plaintiff must allege the provider had "a relevant . . . policy or custom, and that the policy caused the constitutional violation [he] allege[s]." *Id.* at 584 (*citing Bd. of the Cnty. Comm'rs of Bryan Cnty., Oklahoma v. Brown*, 520 U.S. 397, 404 (1997)). For such a claim to be plausible, Plaintiff "must identify [the] custom or policy, and specify what exactly that custom or policy was." *McTernan v. City of York*, 564 F.3d 636, 658 (3d Cir. 2009).

A plaintiff may also state a basis for liability against an entity like Wellpath by "alleging failure-to-supervise, train, or discipline . . . [and alleging facts showing] that said failure amounts to deliberate indifference to the constitutional rights of those affected." *Forrest v. Parry*, 930 F.3d 93, 106 (3d Cir. 2019). Liability under a "failure to train" theory requires "a plaintiff to identify a failure to provide specific training that has a causal nexus with his or her injury and must demonstrate that the failure to provide that specific training can reasonably be said to reflect a deliberate indifference to whether constitutional deprivations of the kind alleged occur." *Palakovic v. Wetzel*, 854 F.3d 209, 233 (3d Cir. 2017) (quoting *Colburn v. Upper Darby Twp.*, 946 F.2d 1017, 1030 (3d Cir. 1991)) (internal quotation marks omitted).

7

Thus, the question before the Court is whether Plaintiff's Complaint has plausibly alleged that Defendant Wellpath had a policy or custom or failed to provide specific training that resulted in a violation of his constitutional rights. Here, the Complaint is entirely devoid of any allegations about a policy or custom maintained by Defendant Wellpath which caused Plaintiff's alleged constitutional harm. Additionally, the Complaint does not plausibly allege that Wellpath failed to implement any specific training. Accordingly, any claim against Defendant Wellpath is dismissed without prejudice.

## IV. CONCLUSION

For the reasons set forth above, the Court will dismiss Plaintiff's Complaint without prejudice. The Court shall give Plaintiff thirty (30) days to file an amended complaint to cure the deficiencies discussed above. An appropriate Order follows.

Dated: October 15, 2024

HONORABLE JULIEN XAVIER NEALS
United States District Judge